UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DEXTER B. BANKS,              )
                              )
    Plaintiff,                )
                              )
v.                            )         CV418-185
                              )
SHERIFF ST. LAWRENCE, et al., )
                              )
    Defendants.               )
                              )

# ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Dexter Banks, currently incarcerated at Augusta State Medical Prison, has filed this action alleging he was provided inadequate medical care when he was a pretrial detainee at the Chatham County Detention Center. *See* doc. 1 at 5. Much of the Complaint, however, concerns allegations of professional misconduct against the attorney who had agreed to pursue his case. *Id.* at 6-8. The Court granted Banks' request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 7 & 8. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e).[1]

---

[1] Where the plaintiff is proceeding IFP, the Court is required to screen the case and dismiss it at any time the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim

I.    § 1983 Claim

Banks' allegation of inadequate medical care is untimely. As a higher court has explained:

> Federal courts look to state law to determine the applicable statute of limitations for actions brought pursuant to . . . § 1983. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). In Georgia, the applicable statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33.

*Hammonds v. Mark Shellnut*, 399 F. App'x 540, 540 (11th Cir. 2010); *Lofton v. Williams*, 2016 WL 4147155 at * 4 n. 7 (S.D. Ga. Aug. 3, 2016). In Georgia, a cause of action accrues, and the statute of limitations begins to run, when "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

Banks' Complaint makes clear that he entered Chatham County Detention Center, as a pretrial detainee, in April 2015. Doc. 1 at 5. He contracted an infection while incarcerated, which he alleges was not adequately addressed by the jail's medical staff. *Id.* In March 2016, he

---

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

was hospitalized. *Id.* at 5-6. Later that month, he was released from the hospital, and from confinement, "on his own reco[gnizance]." *Id.* at 6. Therefore, any § 1983 claim arising from the jail's inadequate response to his infection accrued no later than March 2016. Accordingly, the applicable two-year statute of limitations ran out in March 2018. Banks did not file this Complaint until July 2018.

A plaintiff's untimely filing can be excused if the limitations period were tolled. Like the limitations period itself, "state law generally determines tolling rules." *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 393-96 (2007). Banks has not alleged any fact amounting to a statutorily recognized reason for tolling. *See* O.C.G.A. §§ 9-30-90-99. He also fails to present any "extraordinary" circumstance that might support equitable tolling. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (explaining, in the context of a habeas petition that "[m]ere attorney negligence does not justify equitable tolling."). Since any claim arising from any alleged failure to provide medical care is untimely, those

claims should be **DISMISSED**.[2]

---

[2] Even if the medical-care claims were not time barred, Banks has failed to adequately plead them. Medical care, or the lack of it, only rises to the level of a constitutional tort when a defendant is deliberately indifferent to an inmate's serious medical needs. Such "deliberate indifference" cannot be established vicariously. A plaintiff must allege facts that a *particular* defendant knew of a serious medical need and ignored it. *See, e.g., Farrow v. West,* 320 F.3d 1235, 1245 (11th Cir. 2003) (to adequately plead that a defendant has been deliberately indifferent to a prisoner's serious medical need requires allegation that (1) a defendant had "subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."). Plaintiff's general allegations against a "John/Jane Doe" employee of Corizon Health, the prison's medical contractor, are not sufficient. *See* doc. 1 at 5 (alleging only that "[o]n numerous occasions . . . Plaintiff submitted medical requests to medical staff of Corizon Health").

The Complaint also lacks any allegation sufficient to state a claim against Sheriff St. Lawrence or any other jail staff. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *see also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 & 694 n. 58, (1978). Likewise, supervisors cannot be sued under § 1983 simply on a theory of *respondeat superior*. *See Kruger v. Jenne,* 164 F. Supp. 2d 1330, 1333–34 (S.D. Fla. 2000) (citing *Powell v. Shopco Laurel, Co.,* 678 F.2d 504 (4th Cir. 1982)) (explaining that [supervisor] which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. *Hartley,* 193 F.3d at 1269 (citing *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990)). Again, the lack of allegations of misconduct by particular defendants is insufficient.

Finally, the jail itself (which Banks lists in the caption of his Complaint, but not the body) is not an entity subject to suit under § 1983. *See Lovelace v. DeKalb Cent. Prob.,* 144 Fed. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); *Bembry v. St. Lawrence,* 2007 WL 4256984 at * 2 (S.D. Ga. Nov. 30, 2007) ("Chatham County Jail [ ] is not an entity subject to suit under § 1983"). Since the claim is untimely, however, questions about the claim's substance are moot.

## II. Attorney Malpractice Claim

The majority of Banks' Complaint concerns allegations of professional misconduct by an attorney who agreed to represent him in a suit to recover for injuries he suffered from the inadequate medical care. *See* doc. 1 at 6-8. He alleges that attorney Cameron Kuhlman, employed at the time by the Claiborne Firm, agreed to represent him in a claim "against CCDC or Corizon Health." *Id.* at 6. At some point, he communicated with another attorney at the firm, William Claiborne, and was informed that Kuhlman was no longer employed at the firm and "the firm had terminated any representation of Plaintiff, destroying the statute of limitation Plaintiff had to initial file his claim on several merits in the case." *Id.* (unedited). He also alleges that Kuhlman "negotiated a deal with Corizon Health's Attorney," although he alleges Kuhlman denied this, "after the Claiborne Firm declined to represent Plaintiff any further . . . ." *Id.* at 7. While these allegations are not entirely clear, they suggest various breaches of professional responsibility and possible malpractice.

This Court's jurisdiction, like all federal courts, is limited. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1446, 1469 (11th Cir. 1997)

("In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." (citation omitted)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 21(h)(3).

The attorneys' conduct alleged in the Complaint does not provide any basis for this Court's jurisdiction. Indeed, the facts alleged positively indicate the lack of any such basis. First, professional malpractice is generally a matter of state law, so the Court lacks jurisdiction under 28 U.S.C. § 1331. *See Diaz v. Sheppard*, 85 F.3d 1502, 1504-05 (11th Cir. 1996) (whether attorney "misread or disregarded federal law in such an unreasonable way so as to constitute legal malpractice . . . is ultimately a question of state law."); *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1262, 1277 (11th Cir. 2003) (the requirement of a

§ 1983 claim that the alleged conduct occurred "under color of state law" "excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Second, all of the parties appear to be Georgia citizens. *See* 28 U.S.C. § 1332; doc. 1 at 4 (providing Kuhlman's business address). Even if the parties' citizenship is not as it appears, Banks has certainly not borne his burden of alleging facts supporting this Court's exercise of diversity jurisdiction. *Cf.* Charles Alan Wright, Arthur R. Miller, *et al.*, 5 Fed. Prac. & Proc. § 1208 (3d ed. 2018) (discussing pleading requirements to allege diversity jurisdiction). Finally, even if Banks' § 1983 claim were not time barred, it would not be sufficiently factually related to his alleged malpractice claim to support the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *cf. Kinsey v. King*, 257 F. App'x 136 (11th Cir. 2007) (allegation of legal malpractice was not sufficiently related to facts of underlying legal action to support supplemental jurisdiction).

In summary, Banks' § 1983 claim, based on the allegedly inadequate medical care he received while incarcerated, is untimely. It should, therefore, be **DISMISSED**. The Court also lacks subject matter jurisdiction over his claims against his attorneys. Those claims,

therefore, must be **DISMISSED**.

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The defects in Banks' claims do not appear amendable.[3]

### III. CONCLUSION

Accordingly, the Complaint should be **DISMISSED**. It is also time for Banks to pay his filing fee. His PLRA paperwork reflects an average monthly balance of $81.74. Doc. 8 at 1. He therefore owes a $16.35 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $16.35 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until

---

[3] Despite the lack of any apparent basis for viable amendment, Banks' opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)).

the balance of the Court's filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Banks' account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to Banks' new custodian. The balance due from him shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 19th day of November, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA